UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMON DEAN RICHARDS,

                Plaintiff,

v.                             Case No. 3:12-cv-1246-J-12JBT

KENNETH TUCKER,
et al.,

                Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On December 12, 2012, Plaintiff Richards filed a Motion to Dismiss the Complaint (Motion to Dismiss) (Doc. #7), requesting to dismiss this action. Defendants have not yet been served and have not filed a notice of appearance, and thus have not opposed the Motion to Dismiss. On December 13, 2012, Plaintiff filed a Motion to Join Parties or Dismiss Without Prejudice (Doc. #8), in which he states that the Magistrate Judge's Order to Amend (Doc. #5) (directing him to file separate complaints to address the September 10, 2010 and April 12, 2011 incidents) is erroneous. That same day, he filed a Motion to Amend the Motion to Dismiss (Doc. #9), in which he requests that the Court consider his Motion to Join Parties in conjunction with his Motion to Dismiss.

This Court finds that the Magistrate Judge's Order (Doc. #5), filed November 28, 2012, is not clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). Therefore, Plaintiff's Motion to Join Parties or Dismiss the Case Without Prejudice (Doc. #8) will be partially granted only to the extent that his request to dismiss the action will be granted pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The case will be dismissed without prejudice to Plaintiff's right to refile his claims, if he elects to do so.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Dismiss the Complaint (Doc. #7) is **MOOT**. See Motion to Join Parties or Dismiss Without Prejudice (Doc. #8).

2. Plaintiff's Motion to Join Parties or Dismiss Without Prejudice (Doc. #8) is **PARTIALLY GRANTED** in that his request to dismiss the case without prejudice is **GRANTED**.

3. Plaintiff's Motion to Amend the Motion to Dismiss (Doc. #9) is **GRANTED** to the extent that Plaintiff's Motion to Join Parties or Dismiss Without Prejudice (Doc. #8) is accepted as amending his initial Motion to Dismiss.

4. This case is hereby **DISMISSED without prejudice** to Plaintiff's right to refile to the extent that Plaintiff can raise claims in compliance with the applicable statute of limitations.[1]

5. The Clerk of Court shall enter judgment accordingly and close this case.

6. The Clerk of Court shall send two (2) civil rights complaint forms and two (2) Affidavit of Indigency forms to Plaintiff. If Plaintiff elects to refile his claims, he may complete and submit the proper forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 17TH day of December, 2012.

_Howell W. Melton_
UNITED STATES DISTRICT JUDGE

sc 12/17
c:
Amon Dean Richards

---

[1] "[A] § 1983 action brought in Florida is governed by Florida's four-year personal injury statute of limitations." Henyard v. Sec'y, Dep't of Corr., 543 F.3d 644, 647 (11th Cir. 2008) (citations omitted).